**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**OTIS D. BLAXTON,**

        **Plaintiff,**

**vs.**                                   **4:08CV351-SPM/AK**

**KEEFE, et al,**

        **Defendants .**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff has filed a second amended complaint against several parties whom he claims have violated his rights in connection with his canteen costs and Inmate Account Trust Fund.  (Doc. 14).  He was advised previously that he must identify a constitutional or federal law which the Defendants have violated and that he has no constitutional right to canteen products of any kind nor to any particular pricing scheme.  Further, his complaints that he should be paid wages for his work while an inmate and that he should be provided postage are well settled areas of law.  See Siglar v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1969), *cert denied* 395 U.S. 940 (1969); Manning v. Lockhart, 623 F.2d 536 (8th Cir. 1980); Woodall v. Partilla, 581 F.Supp 1066 (D.C. Ill. 1984); Borror v. White, 377 F.Supp. 181 (D.C. Va. 1974) (it is fairly decided among federal courts that there is no constitutional right to be compensated for labor in the prisons) and Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985) (an inmate does not have an unlimited right to postage).

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.       *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to

service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Plaintiff has failed to identify the constitutional grounds upon which his claims are based and it is, therefore **RECOMMENDED** that the amended complaint (doc. 14) be **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida, this  *4th* day of March, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**